Filed 3/8/21  P. v. Wallace CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>PETER WALLACE,<br><br>　　　Defendant and Appellant. | B304414<br><br>(Los Angeles County<br>Super. Ct. No. A079619) |

APPEAL from an order of the Superior Court of Los Angeles County, Upinder S. Kalra, Judge.  Reversed and remanded.

John Lanahan, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Peter Wallace was convicted, following a bench trial, of two counts of felony-murder, with felony-murder and multiple-murder special circumstances. Almost 40 years later, he filed a petition for resentencing under Penal Code section 1170.95, arguing that he was eligible for resentencing because the trial court had expressly found he was not the actual killer. The following day, the trial court summarily denied the petition, on the basis that the true felony-murder special circumstance findings established that even if defendant was not the actual killer, he either had the intent to kill or was a major participant acting with reckless disregard for human life.

On appeal, defendant contends, the prosecution concedes, and we agree, that the trial court erred in summarily denying the petition. Specifically, a felony-murder special circumstance finding in 1981 did not necessarily require a finding of intent to kill. (*Carlos v. Superior Court* (1983) 35 Cal.3d 131, 135, overruled in part by *People v. Anderson* (1987) 43 Cal.3d 1104, 1138-1139 [intent to kill is not an element for the actual killer].) Similarly, while the felony-murder special circumstance can be satisfied by a finding the defendant was a major participant in the crime acting with reckless indifference to life, that requirement was added to the law by Proposition 115, in 1990, well after defendant's trial. (*Tapia v. Superior Court* (1991) 53 Cal.3d 282, 286, 297-298.)

The prosecution similarly does not attempt to justify denial of the petition on the basis of the multiple-murder special circumstance. Our Supreme Court did not hold that intent to kill was required for the multiple-murder special circumstance until

1984.  (*People v. Turner* (1984) 37 Cal.3d 302, 328-329, overruled in part by *People v. Anderson, supra,* 43 Cal.3d at pp. 149-1150.)

Because the trial court erred in summarily denying the petition, we remand for the appointment of counsel and further proceedings on defendant's petition.[1]

### *DISPOSITION*

The trial court's order denying defendant's resentencing petition is reversed and remanded to the trial court for the appointment of counsel (if requested) and further proceedings.


RUBIN, P. J.

WE CONCUR:



BAKER J.



MOOR, J.

---

[1]     Both in its Respondent's Brief (at page 17) and at oral argument, the Attorney General agreed that on remand counsel should be appointed for defendant, if he so requests, even though defendant did not expressly request counsel in his petition.